UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED ANDREW MARTIN,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>BONILLA, et al.,<br><br>　　　　Defendants. | 1:22-cv-00810-JLT-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, FOR PLAINTIFF'S FAILURE TO PROSECUTE**<br><br>**OBJECTIONS, IF ANY, DUE ON OR BEFORE JULY 20, 2023** |

## I. BACKGROUND

Jared Andrew Martin ("Plaintiff") is a Madera County Jail inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on July 1, 2022. (ECF No. 1.) The Complaint awaits the court's requisite screening under 28 U.S.C. § 1915.

## II. FINDINGS

On April 11, 2023, the court issued an order ("Order") reassigning this case from United States District Judge Anthony W. Ishii to United States District Judge Jennifer L. Thurston. (ECF No. 10.) The Order was served upon Plaintiff at his last known address at the Madera County Jail, 195 Tozer St., Madera, California 93638. (Id., notice of conventional service.) On April

17, 2023, the United States Postal Service returned the Order as undeliverable. (Court Docket.) A notation on the envelope indicated that the mail was "Returned as Undeliverable, Not in Custody." (Id.)

Plaintiff has not notified the court of any change in his address. Absent such notice service at a party's prior address is fully effective. Local Rule 182(f). Pursuant to Local Rule 183(b), a party appearing *in propria persona* is required to keep the court apprised of his or her current address at all times. Local Rule 183(b) provides:

> "A party appearing *in propria persona* shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

In this case, more than sixty-three days have passed since Plaintiff's mail was returned to the court and Plaintiff has not notified the court of a current address.

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Omstead v. Dell, 594 F.3d 1081, 1084 (9th Cir. 2010). The court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since July 1, 2022. The court cannot hold this case in abeyance indefinitely based on Plaintiff's failure to notify the court of his address. The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976); In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1228-29 (9th Cir. 2006). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the court's inability to communicate with Plaintiff based on

Plaintiff's failure to keep the court apprised of his current address, no lesser sanction than dismissal of the case is feasible.  However, inasmuch as the dismissal being considered in this case is without prejudice, the court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Based on this analysis, the court finds that this case should be dismissed, without prejudice, for Plaintiff's failure to prosecute.

### III. RECOMMENDATIONS

Based on the foregoing, the court **HEREBY RECOMMENDS** that:

1. This case be DISMISSED without prejudice, based on Plaintiff's failure to prosecute; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **On or before July 20, 2023**, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 29, 2023**               **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE